

**ARCHER & GREINER, P.C.**
ATTORNEYS AT LAW

**JULIE A. PAULL**
*Member of New Jersey and Pennsylvania Bars*

ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
856-795-2121
FAX 856-795-0574

Email Address:
jpaull@archerlaw.com

Direct Dial:
(856) 616-2683

Direct Fax:
(856) 673-7150

www.archerlaw.com

September 21, 2011

**VIA CM/ECF**
Hon. Thomas J. McAvoy
Senior U.S. District Judge
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

    RE:    **Plastic Suppliers, Inc. v. Cenveo, Inc.**
             **Case No. 3:10-cv-00512-TJM-DEP**

Dear Judge McAvoy:

    This firm represents plaintiff Plastic Suppliers, Inc. ("Plastic Suppliers") in the above-referenced matter. Please accept this letter in opposition to the motion of defendant Cenveo, Inc. requesting leave to file a supplemental memorandum of law and supplemental statement of additional material facts in opposition to Plastic Suppliers' pending motion for partial summary judgment. [Docket Entry No. 109].

    First, none of the Rules upon which Cenveo seeks leave are applicable. In its letter, Cenveo asserts that it is requesting leave to file a supplemental memorandum of law pursuant to Fed. R. Civ. P. 8(c) and 15(a). Of course, neither rule applies as Rule 8(c) concerns answers to pleadings and Rule 15(a) governs amendments to pleadings. In its proposed memorandum of law, Cenveo states that the supplemental brief and statement of facts are being submitted under Local Civil Rules 7.1(a)(1) and (b)(1). Again, however, neither rule applies as Local Rule 7.1(a)(1) sets forth the page limits and other briefing requirements for memorandums of law, and Local 7.1(b)(1) makes no mention of "supplemental" briefs. To the contrary, it provides that sur-replies are not permitted.[1]

---

[1] Cenveo's supplemental papers are not a sur-reply because they do not respond to any of the issues or facts raised in Plastic Suppliers' reply papers; instead, they are offered to raise allegations of fact that Plastic Suppliers does not have the opportunity to address.

PRINCETON OFFICE
700 Alexander Park
Suite 102
Princeton, NJ 08540
P 609-580-3700
F 609-580-0051

FLEMINGTON OFFICE
Plaza One
1 State Route 12, Suite 201
Flemington, NJ 08822-1722
P 908-788-9700
F 908-788-7854

PHILADELPHIA OFFICE
One Liberty Place - 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393
P 215-963-3300
F 215-963-9999

WILMINGTON OFFICE
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801
P 302-777-4350
F 302-777-4352

GEORGETOWN OFFICE
9 East Market Street
P.O. Box 977
Georgetown, DE 19947
P-302-858-5151
F-302-858-5161

NEW YORK OFFICE
2 Penn Plaza
Suite 1500
New York, NY 10121
P 212-292-4988
F 212-629-4568

HACKENSACK OFFICE
21 Main Street, Suite 353
Court Plaza South, West Wing
Hackensack, NJ 07601-7095
P 201-342-6000
F 201-342-6611

Hon. Thomas J. McAvoy
September 21, 2011
Page 2

      Second, even if there was an applicable rule that allowed such filings, Cenveo has not justified its failure to provide this information in its original opposition papers. All of the alleged "new" information arises from a single deposition of a non-party. The principal document on which that non-party was questioned dates back to early 2010 and was always in Cenveo's possession. This was not a late-discovered document or witness. Cenveo had every opportunity to take this deposition in time to file its opposition to the motion, but elected to wait. Thus, if there is any "prejudice" that arises from the late submission, such "prejudice" was caused solely by Cenveo.

      Third, the new alleged "evidence" adds nothing material to the pending motion for summary judgment. The fact that a non-party was also allegedly unsatisfied with Plastic Suppliers' film is irrelevant to the issue of whether Cenveo was justified in breaching the Supply Agreement.

      Finally, consideration of Cenveo's supplemental memorandum of law and statement of facts effectively denies Plastic Suppliers the right to the last word on the motion. Cenveo has submitted 48 additional statements of material fact, and 8 new pages of legal argument, to which Plastic Suppliers is unable to respond. The rules are designed for the moving party to be able to respond to any new matters raised by the opposing party. Cenveo should not be allowed to usurp Plastic Supplier's right to be heard last, especially when it has no justifiable reason for failing to include this information in its original opposition papers.

      We look forward to addressing this issue with the Court at Friday's oral argument.

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation

By: _____
Julie A. Paull

JAP/bs
cc:    Christopher R. Gibson, Esquire (via CM/ECF)
       Mark J. Oberstaedt, Esquire (via CM/ECF)
       Pete Jamison, Esquire (via CM/ECF)
       Richard Busch, Esquire (via CM/ECF)
       Patrick Ogilvy, Esquire (via CM/ECF)

7140166v2